Filed 7/6/26  P. v. Morris CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FARRON MORRIS,<br><br>Defendant and Appellant. | B345691<br><br>(Los Angeles County Super. Ct. No. BA482663) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

This case comes before us for review under the procedures prescribed in *People v. Wende* (1979) 25 Cal.3d 436, 441–442 (*Wende*).

On June 24, 2019, at about 1:45 a.m., defendant and appellant Farron Morris and fellow Harvard Park Brims Bloods (Brims) members Jerry Cunningham, Daniel Carmicle, and DeJohn Young Johnson were congregated in Harvard Park, a stronghold within Brims territory. The group caravanned to the Happy Shoppers Market in two vehicles, a black Dodge Challenger and a white Chrysler 200 Sedan. The Happy Shoppers Market was owned by a 65 Menlo Neighborhood Crips (Menlo Crips) member and was a stronghold for the gang, who were rivals of the Brims.

Carmicle and Johnson drove. When they arrived at approximately 2:00 a.m., Carmicle and Johnson remained in the cars. Morris and Cunningham exited the vehicles and walked toward the market. Morris went inside while Cunningham remained outside. When Morris entered the market, Cheryl Dinkins, Shatara Williams, Kenneth Franklin, and Michael "Monte" Bowman were in a small area by the cash register that was surrounded by bulletproof glass. Bowman was a Menlo Crip. Williams heard Morris "bang on" someone in the store by asking where he was from. Morris pointed a revolver through the slot in the bulletproof glass and fired three times. Williams and Bowman dove to the floor. Bowman was hit by gunfire and killed. When Morris shot Bowman, Bowman was looking at his phone, unarmed, with his back turned to Morris. After the killing, Morris and his compatriots fled the market and returned to Harvard Park.

Surveillance cameras at Harvard Park and the Happy Shoppers Market captured the events before, during, and after Morris committed the crimes. Morris was masked when he committed the shooting, but was wearing a distinctive belt and shoes before, during, and immediately after the murder.

The jury found Morris guilty of first degree murder (Pen. Code,[1] § 187, subd. (a), count 1) and found true the allegation that he personally used a firearm in the commission of the murder (§ 12022.53, subds. (b)-(d)). The jury further found Morris guilty of two counts of assault with a firearm (§ 245, subd. (a), counts 3 & 4), and found true the associated allegations that Morris personally used a firearm in the commission of the assaults (§ 12022.5, subd. (a)). The jury also found Morris guilty of possession of a firearm by a felon. (§ 29800, subd. (a), count 7.) The jury found Morris not guilty of assault with a firearm in count 5, and found not true the aggravating factors alleged in association with counts 1, 3, 4 and 5.

Because Morris was 18 years old when he committed the crimes, the trial court reviewed defense counsel's submission of documents pertaining to Morris's youth for use at a future parole hearing, pursuant to section 3051. The trial court sentenced Morris to a term of 50 years to life plus a determinate term of 10 years to run concurrently with the sentence imposed in a second case in which Morris was convicted of assault with a deadly weapon. (§ 245, subd. (a).)

Morris timely appealed the judgment, and we appointed counsel. Appointed counsel filed a brief pursuant to *People v. Wende, supra*, 25 Cal.3d 436, setting forth the facts of the case,

---

[1] All further references are to the Penal Code.

raising no issues, and requesting that we independently review the record.  On April 15, 2026, we advised Morris that he had 30 days to submit any contentions or issues he wished us to consider.  No response has been received to date.

We have examined the entire record.  We are satisfied no arguable issues exist and that Morris's counsel has fully satisfied his responsibilities under *Wende*.  (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

We affirm the trial court's judgment.
NOT TO BE PUBLISHED.


                                        MOOR, J.

WE CONCUR:



HOFFSTADT, P. J.



KIM (D.), J.


4